# ANTONIO DANESI
### vs.
# JOHN LA PORTA, ET AL.

Superior Court    New Haven County    File #50609

Present:  Hon. NEWELL JENNINGS, Judge.

Samuel H. Platcow,             Attorney for the Plaintiff.

James A. Morcaldi;
Serafino Ginnetti,             Attorneys for the Defendant.

## MEMORANDUM FILED OCTOBER 21, 1936.

JENNINGS, J.  Counsel have been very co-operative in the trial of this case, and I wish to express my appreciation of that attitude.  Thanks to that attitude I believe that all of the relevant facts that will assist me in deciding the case have been brought out.  As I see it, there are four issues here before me.  The first is the question of the debt and the mortgage, and those matters are admitted, both as to the terms and amount.  There remain two legal and one factual issues.

As to the question of fact, the question is whether any such contract was entered into as was claimed by the defendants under their cross-complaint.  I have listened with particular care to the testimony, and I am satisfied that if I had it transcribed and put it in parallel columns the result would be that no such definite contract was established even if I believe all of the testimony of the defendants, as to satisfy the requirements of this case.  Oral understandings of this kind are not favored, and if proved must be proved very definitely and concretely, and the testimony in support of them must jibe.  That is not true here.  These people are not business men and the accuracy of a draftsman of legal training is not expected, but they have got to have more definite terms of that contract, word for word, in their testimony, in order to establish it.  I therefore find against the defendants on that issue, which really decides the case.  Because of the interest, however, that I have had and that counsel have had in the legal question, I also rule in favor of the

plaintiff, to wit, that the contract, if made, was in fact made with Niccola LaPorta, who was the interested party at the time it is claimed to have been made and the only time it is claimed to have been made, in March, 1935, and that it was not of a character which would survive to his heirs. There was no such connection with the real property as to make it survive to them or from which they could benefit.

The really conclusive question, however, is that of consideration, and after studying with some care the cases referred to me by Mr. Ginnetti, as to wit, the **Water Commissioners' case, 106 Conn., 642,** I have come to the conclusion that this is not one of the exceptional cases where a claimed promise to pay less than the debt is supported by consideration. It is true that exceptions have been made in some cases, but I have examined the illustrations given, tried to analyse them, and feel that this is not one of those cases.

It follows that judgment must be for the plaintiff, and may be entered, the amount of the debt being Four Thousand One Hundred and Ten Dollars and Sixty-two cents ($4,110.62). The second Monday of January, 1937, may be fixed as the time for redemption for the owners of the equity, and subsequent days for subsequent encumbrancers.